**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gene K. GUARDIPEE, Sr.,
Defendant–Appellant.**

No. 09–30231.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2010.

Filed March 12, 2010.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Eric Vincent Carroll, Esquire, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Public Defender, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: PAEZ, TALLMAN and M. SMITH, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Gene Guardipee, Sr., raises procedural and substantive challenges to his sentence after pleading guilty to Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 113(a)(6). We presume the parties' familiarity with the facts and do not recount them here except as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

"We review the district court's interpretation of the Sentencing Guidelines *de novo,* the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error." *United States v. Loew,* 593 F.3d 1136, 1139 (9th Cir.2010) (internal quotation marks omitted).

The district court did not err in applying a four-level enhancement pursuant to § 2A2.2(b)(2)(B) of the Guidelines. U.S. Sentencing Guidelines Manual § 2A2.2(b)(2)(B) (2009). The district court properly determined that there was intent to cause bodily injury. *See United States v. Dayea,* 32 F.3d 1377, 1380 (9th Cir.1994) (holding that § 2A2.2(b)(2)(B) requires intent to injure). The district court's conclusion that Guardipee possessed the requisite intent was not clearly erroneous based on the fact that Guardipee left the location after arguing with the victim, returned with a metal pipe, and struck the victim on the head while he was sleeping.[1] There was also insufficient evidence to show that Guardipee was not sufficiently in control of his faculties, or otherwise "too [intoxicated] to form the requisite intent." *United States v. Allen,* 341 F.3d 870, 891 (9th Cir.2003); *accord United States v. Blalock,* 571 F.3d 1282, 1286 (D.C.Cir.2009) (finding requisite specific intent for application of sentencing factor despite there being no dispute that the defendant was high on PCP and had stripped naked in the street in front of a police station and fired his gun).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. The district court was not required to find intent beyond a reasonable doubt. *See United States v. Dare,* 425 F.3d 634, 642 (9th Cir. 2005) ("As a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentenc-

ing."); *United States v. Ameline,* 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc) ("Standing alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial. A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system.").

In addition, the district court neither committed procedural error at sentencing nor imposed a substantively unreasonable sentence. The district court properly weighed the § 3553(a) factors as well as "listened to [Guardipee's] arguments and then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1054 (9th Cir.2009) (internal quotation marks and alterations omitted). The 48–month within-Guidelines sentence was not substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**